IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| CHRISTOPHER-ARNELL KEMP, | ) ) ) | |
| Plaintiff, | ) ) | No. 23-2061 |
| v. | ) ) | Filed: January 5, 2024 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher-Arnell Kemp, proceeding pro se, filed a Complaint in this Court on November 29, 2023. *See* Pl.'s Compl., ECF No. 1. Plaintiff's Complaint concerns a foreclosure allegedly approved by the State of Wisconsin. *Id.* at 1. He alleges that state and local officials failed to obtain "a delegation of authority" from Congress and the United States Department of Housing and Urban Development ("HUD") to foreclose on a parcel of real property. *Id.* at 1–2. Plaintiff seeks equitable relief, namely an order halting the foreclosure proceedings. *Id.* at 1, 3.

As explained below, the Court lacks subject-matter jurisdiction over Plaintiff's claims. The Court may not entertain claims against the defendants named in Plaintiff's Complaint, nor can it grant the equitable relief requested. Accordingly, the Complaint is **DISMISSED** sua sponte pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

**I.    LEGAL STANDARDS**

The Tucker Act grants the Court jurisdiction over claims against the United States arising from the Constitution, federal laws and regulations, and contracts with the United States, as well as claims for "damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). When the Court

determines that it lacks subject-matter jurisdiction, it must dismiss the case. RCFC 12(h)(3); *see Allen v. United States*, No. 2020-2143, 2022 WL 186067, at *2 (Fed. Cir. Jan. 20, 2022). The Court may assess its subject-matter jurisdiction sua sponte. *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). In pro se cases, the Court liberally construes the plaintiff's pleadings. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). But even with this leniency, plaintiffs still bear the burden of establishing the Court's jurisdiction over the matter. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## II. DISCUSSION

### A. The Complaint Asserts Claims Against Parties Other Than the United States.

The Court lacks jurisdiction over any defendant other than the United States. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Plaintiff names nine parties as "Respondents," none of which is the United States or any federal agency. Specifically, the caption lists the State of Wisconsin, three state and county offices, four individuals, and a title insurance company. ECF No. 1 at 1. Although the Complaint mentions HUD, it does not allege that HUD was involved in the foreclosure or committed any wrongdoing. *Id.* at 2. Rather, Plaintiff only mentions HUD when alleging that the State and its political subdivisions (i.e., Milwaukee County) failed to obtain HUD's approval for the foreclosure. *Id.* at 2–3; *see Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (dismissing claims against state and local officials); *Edelmann v. United States*, 76 Fed. Cl. 376, 380 (2007) (dismissing claims against private parties). Because these allegations do not concern or involve any actions of the United States, the Court has no jurisdiction to review them.

### B. The Court May Not Grant Injunctive or Other Equitable Relief in This Case.

The Court also lacks authority to grant Plaintiff the relief he seeks. Even assuming the Court had subject-matter jurisdiction over Plaintiff's claims, the Court does not have jurisdiction

to grant injunctive or other equitable relief in the circumstances alleged. The Tucker Act authorizes the Court to grant some forms of equitable relief in cases where such relief is "an incident of and collateral to" a judgment in a matter within the Court's jurisdiction. 28 U.S.C. § 1491(a)(2). Thus, the Court may only grant equitable relief when it is "'tied and subordinate to' a money judgment." *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)).

In this case, Plaintiff principally seeks equitable relief, disconnected from any request for a money judgment. Plaintiff filed a proposed "Order for Equitable Relief," in which he asks the Court to stay the foreclosure (or preliminarily revoke and dismiss the involuntary sale order), order a show cause hearing, and order the named defendants to provide proof of delegation and a liability bond. Pl.'s Compl., Attach. at 1, ECF No. 1-2. Because Plaintiff's claims for equitable relief are not "'tied and subordinate to' a money judgment" within the Court's jurisdiction, the Court cannot grant such relief. *James*, 159 F.3d at 580 (quoting *Austin*, 206 Ct. Cl. at 723); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (holding that the Court of Federal Claims lacks independent jurisdiction over claims for equitable relief) (citing *United States v. King*, 395 U.S. 1, 3 (1969)).

### III. CONCLUSION

For these reasons, this matter is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(h)(3) for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: January 5, 2024  /s/ Kathryn C. Davis
KATHRYN C. DAVIS
Judge